IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2006-OP1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OP1, § § § § § § § | |
| Plaintiff, § § | Civil Action No. 3:23-cv-82 |
| v. § § | |
| JAMES GERHARDT AND CYNTHIA KAIEWE GERHARDT, § § § § | |
| Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Wells Fargo Bank, National Association as Trustee for Securitized Asset Backed Receivables LLC Trust 2006-OP1, Mortgage Pass-Through Certificates, Series 2006-OP1 ("Plaintiff" or "Wells Fargo"), and files this, its *Original Complaint* against Defendants James Gerhardt and Cynthia Kaiewe Gerhardt, ("Defendants"), and would respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff is a "mortgagee" as is defined in Texas Property Code section 51.001(4) and is appearing through the undersigned counsel.

2. Decedent Gary Bryant Gerhardt ("Decedent") was an obligor under the Loan Agreement described below. Decedent died on or about October 28, 2021. On or about June 14, 2022, an *Application for Probate of Will as a Muniment of Title* was filed by Defendant James Gerhardt on behalf of the Estate of Gary Bryant Gerhardt, Deceased, in the Harris County Probate Court No. 1, Cause No. 506919. On July 19, 2022, the Court entered its *Decree*

*Admitting Will to Probate as Muniment of Title*. No executor or administrator has been appointed to be made a party in this proceeding as the personal representative of the Estate of Gary Bryant Gerhardt, Deceased.

3.      Pursuant to Texas Estates Code sections 101.001 and 101.051, the Decedent's heirs at law or devisees whether known or unknown, acquired all of Decedent's estate, including an undivided interest in the Property subject to the debt owed to Plaintiff, immediately upon Decedent's Death. Each heir or devisee is made a party in this proceeding pursuant to Texas Civil Practice and Remedies Code section 17.002.

4.      Defendant James Gerhardt is a devisee under the Decree Admitting Will to Probate as Muniment of Title who may be served with process at his residence, 3103 Hartcliff Circle, Katy, Texas 77449. Summons is requested.

5.      Defendant Cynthia Kaiewe Gerhardt is a co-mortgagee under the Loan Agreement described below who may be served with process at her residence, 3103 Hartcliff Circle, Katy, Texas 77449, or at such other place as she may be found. Summons is requested.

## II. PROPERTY

6.      This proceeding concerns the following real property and improvements commonly known as 3103 Hartcliff Circle, Katy, Texas 77449 and more particularly described as:

> LOT 34, BLOCK 4, WESTFIELD, SECTION 1, A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO HE PLAT THEREOF RECORDED IN VOLUME 310, PAGE 147 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS. (the "Property").

## III. JURISDICTION

7. This Court has jurisdiction over this dispute under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00.

8. Wells Fargo is the trustee of a trust. If a trustee possesses "customary powers to hold, manage, and dispose of assets," then it is the real party in interest to a suit. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464 (1980); *see U.S. Bank N.A. v. Nesbitt Bellevue Prop. LLC*, 859 F. Supp. 2d 602, 606 (S.D.N.Y. 2012). When a trustee is the real party in interest, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro*, 446 U.S. at 464–66. A national banking association is considered a citizen of the state in which it is located. 28 U.S.C. § 1348. Its location is determined by the state of its main office, as established in the bank's articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006). Pursuant to its articles of association, Wells Fargo has its main office in Sioux Falls, South Dakota. Therefore, Wells Fargo is a citizen of South Dakota for diversity purposes.

9. Defendants James Gerhardt and Cynthia Kaiewe Gerhardt are citizens of the state of Texas.

10. Due to Defendants' conduct, as alleged herein, Plaintiff has the right to foreclose upon the real property which secures the repayment of a debt pursuant to a secured lien. When seeking foreclosure pursuant to a lien securing the repayment of a debt, the outstanding amount owed on the debt is the amount in controversy. *Farmers Bank of Alexandria v. Hooff*, 32 U.S. 168, 170 (U.S. 1833). As of April 20, 2020, the total amount owed on the debt at issue was at least $58,520.12. Further, "[a]ttorney's fees may be included to determine the amount in controversy when such fees are permitted by contract or a state statute. *Foret v. Southern Farm*

*Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990). The note and security instrument that are the subject of this Complaint allow for the recovery of attorney's fees. Plaintiff anticipates attorney's fees in excess of $30,000 through final trial in this cause. This amount coupled with the outstanding debt puts the amount in controversy above the $75,000 threshold.

11.     Further, Plaintiff seeks declaratory relief regarding the note and security instrument that are the subject of this Complaint. When a plaintiff requests declaratory relief "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adv. Com'n*, 432 U.S. 333, 346-47, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977). The object here is the real property that is secured by Plaintiff's security instrument. When real property is the subject of the litigation then the fair market value of the property may be used to determine the amount in controversy. *McPherson v. Bank of Am., N.A.*, No. H-16-3498, 2016 U.S. Dist. LEXIS 180115, at *6 (S.D. Tex. Dec. 30, 2016). The Fort Bend County Central Appraisal District's most recent valuation of the Property shows a total assessed value of the Property at $145,800.00. Accordingly, the fair market value of the real property puts the amount in controversy above the $75,000 threshold. *See U.S. Bank, N.A. v. Torres*, No. 3:18-cv-1307-G-BN, 2019 U.S. Dist. LEXIS 169451, at *22 (N.D. Tex. Sep. 4, 2019) (applying fair market value to determine amount in controversy when complaint contained claims for foreclosure and declaratory judgment).

## IV. VENUE

12.     Venue is proper in this district and division, the United States District Court for the Southern District of Texas, Houston Division, under 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is situated in this district and division.

## V. SUMMARY OF FACTS

13. On or about July 7, 2005, Decedent Gary Bryant Gerhardt executed that certain *Texas Home Equity Note (Fixed Rate – First Line)* (the "Note") in the principal amount of $120,000.00 originally payable to RW Mortgage Services and bearing interest at the initial rate of 8.450% per annum. **Exhibit A** is a true and correct copy of the Note.

14. Concurrently with the Note, Decedent Gary Bryant Gerhardt and Defendant Cynthia Kaiewe Gerhardt executed that certain *Texas Home Equity Security Instrument (First Lien)* (the "Security Instrument" and together with the Note, the "Loan"), as grantors, granting RW Mortgage Services a security interest in the Property. The Security Instrument was recorded on July 18, 2005, in the Official Public Records of Harris County, Texas as Instrument No. Y620148. **Exhibit B** is a true and correct copy of the Security Instrument.

15. The Loan Agreement was subsequently assigned from RW Mortgage Services to Option One Mortgage Corporation, a California Corporation. The *Assignment of Deed of Trust* ("First Assignment")[1] was recorded in the Official Public Records of Harris County, Texas, as Instrument No. Z056924. A true and correct copy of the First Assignment is attached hereto as **Exhibit C**.

16. The Loan was subsequently transferred from Sand Canyon Corporation f/k/a Option One Mortgage Corporation, a California Corporation to Plaintiff. The *Transfer of Lien* ("Second Assignment") was recorded in the Official Public Records of Harris County, Texas, as Instrument No. 20140075014. A true and correct copy of the Second Assignment is attached hereto as **Exhibit D**.

---

[1] The First Assignment references the Deed of Trust by name and correct loan information but incorrectly references the Texas Home Equity Affidavit and Agreement Instrument Number, Y620150, rather than correct Deed of Trust Instrument Number Y620148. Such was a mutual mistake.

17. Plaintiff is the current owner and holder of the above-described Note and Security Instrument.

18. Under the terms of the Loan, Borrowers were required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

19. The Loan further provides that should Borrowers fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan.

20. Borrowers failed to make the August 1, 2022 payment as required by the Loan.

21. On or about September 20, 2022, a *Notice of Default* was sent to Borrowers in accordance with the Loan and the Texas Property Code. A true and correct copy of the Notice of Default is attached hereto as **Exhibit E**. The default was not cured, and the maturity of the debt was accelerated. On December 9, 2022, a *Notice of Acceleration of Loan Maturity* was sent to the Borrowers in accordance with the Loan and the Texas Property Code. A true and correct copy of the Notice of Acceleration of Loan Maturity is attached hereto as **Exhibit F**.

## VI. CAUSES OF ACTION

### A. DECLARATORY JUDGMENT

22. The foregoing paragraphs are incorporated by reference for all purposes.

23. Plaintiff asserts that it is the current owner and holder of the above-described Note and Security Instrument.

24. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument,

Plaintiff is a mortgagee as that term is defined under Texas Property Code § 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

### B. NON-JUDICIAL FORECLOSURE

25. The foregoing paragraphs are incorporated by reference for all purposes.

26. Because of a material breach of the Loan, Plaintiff seeks an order from this Court to enforce its security interest through non-judicial foreclosure pursuant to the terms of the Loan and Texas Property Code § 51.002.

27. A public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities, and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process and would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community.

### C. JUDICIAL FORECLOSURE

28. The foregoing paragraphs are incorporated by reference for all purposes.

29. In the alternative, for failure to cure the default of the Loan, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

30. Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of the county where the Property is located directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan debt, pursuant to Texas

Rules of Civil Procedure 309.

### D. ATTORNEY'S FEES

31. The foregoing paragraphs are incorporated by reference for all purposes.

32. Because of the material breach of the Loan, Plaintiff is entitled to recover reasonable and necessary attorney's fees under the Loan and Tex. Civ. Prac. & Rem. Code § 38.001. Attorney's fees are not sought as a personal judgment against the Defendants, but only as an additional debt secured by the Security Instrument.

33. All conditions precedent have been performed or have occurred.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer, and that, upon final hearing, Plaintiff have and recover a judgment against them allowing it to proceed, as a mortgagee under the Security Instrument, with non-judicial foreclosure in accordance with the Security Instrument, Tex. R. Civ. P. 735 and Texas Property Code § 51.002, or, alternatively, through a judgment for judicial foreclosure instructing a marshal or sheriff to seize and sell the Property in satisfaction of the judgment; plus its interest and attorney's fees and all costs of suit. Plaintiff further requests such other and further relief to which it may be entitled at law or in equity.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
Southern District No. 21340
mcronenwett@mwzmlaw.com

**NICHOLAS M. FRAME**
Texas Bar No. 24093448
Southern District No.3121681
nframe@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
5177 Richmond Avenue, Suite 1230
Houston, Texas 77056
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

*Attorneys for Plaintiff*