IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2006-OP1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OP1, <br><br> Plaintiff, <br><br> v. <br><br> JAMES GERHARDT AND CYNTHIA KAIEWE GERHARDT, <br><br> Defendants. | § § § § § § § § § § § § § § § § § <br><br> Civil Action No. 3:23-cv-00082 |

## MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS AND BRIEF IN SUPPORT THEREOF

Plaintiff Wells Fargo Bank, National Association, as Trustee for Securitized Asset Backed Receivables LLC Trust 2006-OP1, Mortgage Pass-Through Certificates, Series 2006-OP1 ("Plaintiff or "Wells Fargo") files this, its *Motion for Default Judgment against Defendants and Brief in Support thereof*, and respectfully shows as follows:

### I. BACKGROUND

1. Plaintiff is Wells Fargo. Defendants are James Gerhardt and Cynthia Kaiewe Gerhardt ("Defendants").

2. Plaintiff filed its Original Complaint against Defendants James Gerhardt and Cynthia Kaiewe Gerhardt ("Defendants") on March 14, 2023. [ECF Doc. No. 1].

3. Defendant James Gerhardt was served with a copy of Plaintiff's Original Complaint and summons via personal service on May 9, 2023, at 1201 Franklin, Houston, Texas 77002. [ECF

Docket No. 8]. His answer or other response to the Original Complaint was due on May 30, 2023. Fed. R. Civ. P. 12(a)(1)(A)(i).

4. Defendant Cynthia Kaiewe Gerhardt was served with a copy of Plaintiff's Original Complaint and summons via personal service on April 25, 2023, at 913 Bowie Court, Temple, Texas 76501. [ECF Docket No. 9]. Her answer or other response to the Original Complaint was due on May 16, 2023. Fed. R. Civ. P. 12(a)(1)(A)(i).

5. Defendants have not answered or otherwise appeared in this action.

6. The court clerk may enter default against a party who has not filed a responsive pleading or otherwise defended a suit. FED. R. CIV. P. 55(A); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

7. Plaintiff has requested that the Clerk of this Court enter default against Defendants because they did not file a responsive pleading within 21 days after service of the Original Complaint. See FED. R. CIV. P. 12(a)(1)(A)(i). Defendants have not otherwise attempted to defend herself against the Original Complaint. See FED. R. CIV. P. 55.

8. Defendants are not on active-duty military status. *See* Exhibit A-1.

9. Plaintiff now asks the Court to render default judgment against Defendants.

## II.  LEGAL STANDARD

10. Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The entry of a default judgment is a three-step process: (1) default; (2) the entry of default; and (3) the entry of a default judgment. *See* N.Y. *Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996); *Jefferson v. La. Dep't of Pub. Safety & Corr*., 401 F. App'x 927, 929 (5th Cir. 2010). The entry of a default judgment is not an abuse of discretion when a party fails to answer a

complaint. *See Bonanza Int'l, Inc. v. Corceller,* 480 F.2d 613, 614 (5th Cir.), cert. denied, 414 U.S. 1073 (1973).

### III.  ARGUMENT AND AUTHORITIES

11. The Court should render a default judgment against Defendants because they did not file a responsive pleading or otherwise defend the claims against them. Such default constitutes an admission by Defendants on all allegations in the Original Complaint. The facts asserted in the Original Complaint are well-pleaded, and there are no unresolved issues of material fact. By failing to answer the Original Complaint, Defendants have admitted the well-pleaded factual allegations therein and is "barred from contesting on appeal the facts thus established. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, Plaintiff is entitled to a default judgment on liability and damages.

12. With regard to the issues of damages, ordinarily, a court should not award damages without first conducting a hearing. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979). However, when the amount of damages can be determined with certainty by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir.1993). Federal Rule of Civil Procedure 54(c) provides that a default judgment must not differ from or exceed what is demanded in the pleadings. *See* FED. R. CIV. P. 54(c); *see also Meaux Surface Prot., Inc., v. Fogleman*, 607 F.3d 161, 172 (5th Cir.2010).

13. Plaintiff does not seek monetary damages against Defendants, but instead seeks declaratory judgment that Plaintiff, as the owner and holder of the Note, and beneficiary of the Security Instrument, has standing and is authorized under the Security Instrument to enforce the power of sale contained in the Security Instrument through a non-judicial foreclosure of the real

property which is subject of this matter, 3103 Hartcliff Circle, Katy, Texas 77449 and more particularly described as:

> LOT 34, BLOCK 4, WESTFIELD, SECTION 1, A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO HE PLAT THEREOF RECORDED IN VOLUME 310, PAGE 147 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS. (the "Property").

Therefore, no hearing is necessary to establish of Plaintiff's damages.

14. In Texas, to foreclose under a security instrument with a power of sale, the party is required to show only that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default; and (4) the borrower has been properly served with notice of default and acceleration. *Singleton v. United States Bank N.A.*, No. 4:15-CV-100-A, 2016 U.S. Dist. LEXIS 53019, * 20 (N.D. Tex. Apr. 20, 2016); citing *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), aff'd, 583 F. App'x. 306 (5th Cir. 2014).

15. The Complaint alleges that on or about July 7, 2005, Decedent Gary Bryant Gerhardt ("Borrower" or "Decedent") executed that certain *Texas Home Equity Note (Fixed Rate – First Lien) (the "Note")* in the principal amount of $120,000.00 originally payable to RW Mortgage Services and bearing interest at the initial rate of 8.450% per annum. [*See* ECF Docket No. 1 at ¶ 13]. Concurrently with the execution of the Note, Borrower and Defendant Cynthia Kaiewe Gerhardt executed a *Texas Home Equity Security Instrument (First Lien)* (the "Security Instrument" and together with the Note, the "Loan"), as grantor, granting RW Mortgage Services, its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the official public records of Harris County, Texas, as Instrument No. Y620148 [*See* ECF Docket No. 1 at ¶ 14]. Plaintiff further alleges that it is the current holder of the Note, and it has standing to enforce the terms of the Deed of Trust. [*See* ECF Docket No. 1 at ¶ 17].

16. Decedent Gary Bryant Gerhardt passed away on or about October 28, 2021. On or about June 14, 2022, an *Application for Probate of Will as a Muniment of Title* was filed by Defendant James Gerhardt on behalf of the Estate of Gary Bryant Gerhardt, Deceased, in the Harris County Probate Court No. 1, Cause No. 506919. On July 19, 2022, the Court entered its *Decree Admitting Will to Probate as Muniment of Title*. No executor or administrator has been appointed to be made a party in this proceeding as the personal representative of the Estate of Gary Bryant Gerhardt, Deceased. Pursuant to Texas Estates Code sections 101.001 and 101.051, the Decedent's heirs at law or devisees whether known or unknown, acquired all of Decedent's estate, including an undivided interest in the Property subject to the debt owed to Plaintiff, immediately upon Decedent's Death. Each heir or devisee was made a party in this proceeding pursuant to Texas Civil Practice and Remedies Code section 17.002. [*See* ECF Docket No. 1 at ¶¶ 2-3].

17. Borrower failed to abide by the terms of the Loan Agreement and make required payments under the same. [*See* ECF Docket No. 1 at ¶¶ 18-20.] A notice of default and intent to accelerate was provided in accordance with section 51.002(d) of the Texas Property Code, but the default was not cured. [*See* ECF Docket No. 1 at ¶ 21]. As a result, the debt has been accelerated. *Id.*. Therefore, the Original Complaint conclusively establishes each of the necessary elements of Plaintiff's foreclosure claim.

18. Plaintiff requested reasonable and necessary attorney's fees against Defendants based on Texas Civil Practice and Remedies Code Chapter 38 and pursuant to the terms of the loan documents executed by Borrower. Plaintiff is entitled to attorney's fees under Chapter 38 because this is, in part, a suit for a claim listed in Texas Civil Practice and Remedies Code § 38.001—more specifically, breach of contract. The amount of such fees to be determined by subsequent motion practice. Plaintiff requests that the award of attorney's fees be made not as a money judgment

against Defendants, but as a further obligation owed by Borrowers under the subject Note and Deed of Trust.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court enter a default judgment against Defendants, on all claims asserted against them in Plaintiff's Original Complaint, and award Plaintiff the following relief:

a. Judgment against Defendants for court costs;

b. Judgment against Defendants for reasonable attorneys' fees as a further obligation owed under the Note and Security Instrument;

c. Judgment declaring that Plaintiff is the owner and holder of the Note, beneficiary of the Security Instrument and mortgagee, as defined under Texas Property Code section 51.0001;

d. Judgment against Defendants declaring that the following are secured by the Security Instrument on the Property: (a) the outstanding balance of the Note; (b) prejudgment interest; (c) post-judgment interest from the date of judgment until paid; and (d) costs of court;

e. Judgment against Defendants declaring that Plaintiff may foreclose on Defendants' interest on the Property pursuant to the Deed of Trust and the Texas Property Code; and

f. Any other relief to which the Court deems Plaintiff is entitled.

Respectfully submitted,

By: */s/ Nicholas M. Frame*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
Southern District No. 21340
mcronenwett@mwzmlaw.com

**NICHOLAS M. FRAME**
Texas Bar No. 24093448
Southern District No. 3121681
nframe@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
5177 Richmond Avenue, Suite 1230
Houston, Texas 77056
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 21, 2023, a copy of the above and foregoing document was served on the following Defendants in the manner described below:

**Via CMRRR# 9314 7699 0430 0111 2314 99 and U.S. Mail:**
James Gerhardt
1201 Franklin,
Houston, Texas 77002

**Via CMRRR#9314 7699 0430 0111 2316 04 and U.S. Mail:**
Cynthia Kaiewe Gerhardt
913 Bowie Court,
Temple, Texas 76501

*/s/ Nicholas M. Frame*
**NICHOLAS M. FRAME**