United States District Court
Southern District of Texas
**ENTERED**
August 30, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2006-OP1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OP1 | § § § § § § § § | |
| Plaintiff, | § § | |
| VS. | § § § | 3:23-CV-82 |
| JAMES GERHARDT and CYNTHIA KAIEWE GERHARDT, | § § § § | |
| The defendants. | § | |

## ORDER

The defendants in this case, although having been duly and legally summoned to appear and answer, failed to appear and answer, and wholly made default on the plaintiff's claims against them. The plaintiff's original complaint ("complaint") was served upon the defendants according to law and returned to the Clerk where it remained on file for the time required by law. The court has read the pleadings and the papers on file and is of the opinion that the allegations of the plaintiff's complaint have been admitted by the defendants. The court further finds that the plaintiff does not seek monetary damages against the defendants, but instead seeks certain

declarations and a judgment allowing foreclosure of the real property which is the subject of this action. Therefore, in light of the defendants' default and the nature of the plaintiff's claims against them, the court orders as follows:

It is ORDERED, ADJUDGED, AND DECREED that the material allegations of the complaint be and are deemed admitted as to the defendants.

It is further, ORDERED, ADJUDGED AND DECREED that an event of default has occurred on that certain Texas Home Equity Note (Fixed Rate – First Lien) in the principal amount of $120,000.00 (the "Note"), with an interest rate of 8.450% per annum, originally payable to RW Mortgage Services ("RW") as lender on a loan secured by the Property, executed by Decedent Gary Bryant Gerhardt ("Borrower" or "Decedent").

It is further, ORDERED, ADJUDGED AND DECREED that certain Texas Home Equity Security Instrument (First Lien) (executed by the Borrower ("Security Instrument" and together with the Note, "Loan Agreement"), recorded in the official public records of Harris County, Texas, as Instrument No. Y620148, provides that the plaintiff, as the current owner of the Note and mortgagee of the Deed of Trust, in the event of a default on the obligations on the Note, with a lien security interest on that certain real

property commonly known as 3103 Hartcliff Circle, Katy, Texas 77449 and more particularly described as:

> LOT 34, BLOCK 4, WESTFIELD, SECTION 1, A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO HE PLAT THEREOF RECORDED IN VOLUME 310, PAGE 147 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS. (the "Property").

It is further, ORDERED, ADJUDGED AND DECREED that the plaintiff is the current legal owner and holder of the Note and Security Instrument. The plaintiff is also a mortgagee as that as that term is defined in section 51.0001(4) of the Texas Property Code.

It is further, ORDERED, ADJUDGED AND DECREED that the following are secured by the Deed of Trust on the Property: the outstanding balance of the Note, including attorney's fees; pre-judgment interest at the Note interest rate of 8.450% post-judgment interest at the Note interest rate of 8.450% and costs of court.

It is further, ORDERED, ADJUDGED AND DECREED that the plaintiff or its successors and/or assigns, may proceed with foreclosure of the defendants' interests in the Property as provided in the Deed of Trust and section 51.002 of the Texas Property Code.

It is further, ORDERED, ADJUDGED, AND DECREED that, should the plaintiff proceed with non-judicial foreclosure on the Property then, the purchaser at the foreclosure sale will be vested with all of the defendants' interest, rights, and title in the Property.

It is further, ORDERED, ADJUDGED AND DECREED that the plaintiff may further communicate with the defendants, and all third parties reasonably necessary to conduct the foreclosure sale.

It is further, ORDERED, ADJUDGED AND DECREED that all costs are to be taxed against the defendants as a further obligation of the debt, and not as a personal judgment against the defendants.

It is further, ORDERED, ADJUDGED AND DECREED that this is a final judgment that fully and finally resolves all claims between the plaintiff and the defendants. All relief requested and not herein granted is denied.

Signed on Galveston Island this 30th day of August, 2023.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE